| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL[1] | | |
|---|---|---|
| BEVERLY SIERRA ALBERTORIO, NOEL SANTOS MONTES Y LA SLBG COMPUESTA POR AMBOS<br><br>**Peticionarios**<br><br>v.<br><br>JAIME A. SIERRA ALBERTORIO, MR. PELICAN RESTAURANT AND TAPAS, INC.<br><br>**Recurridos**<br><br>JAIME A. SIERRA DE JESÚS, JIMMY JOHN SIERRA DE JESÚS<br><br>Interventor | TA2025CE00963 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2019CV00389<br><br>Sobre: Incumplimiento de Contrato; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Salgado Schwarz y la Jueza Álvarez Esnard

Grana Martínez, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de diciembre de 2025.

El 29 de diciembre del año en curso la parte demandante en el caso de epígrafe presentó recurso de *Certiorari,* así también una moción en auxilio de jurisdicción. En apretada síntesis, Beverly Sierra Albertorio, Noel Santos Montes y la Sociedad Legal de Bienes Gananciales compuesta por ambos ("parte demandante o peticionarios") solicitan que dejemos sin efecto la orden del Tribunal de Primera Instancia ("TPI") que concedió copia del expediente al agente Luis A. Rodríguez Rangel ("Agente") como parte de una evaluación criminal paralela; que se inicie un proceso para proteger

---

[1] Mediante Orden Administrativa OATA-2025-243 del 9 de diciembre de 2025, se designa panel especial para atender asuntos urgentes.

los documentos confidenciales en el expediente antes de su entrega y por último que ordenemos al TPI paralizar el caso civil en protección del derecho a la no autoincriminación del Dr. Noel Santos Montes, conforme la jurisprudencia en torno a litigación paralela. En su consecuencia, nos insta a que dejemos sin efecto la vista pautada para el 6 de febrero y la deposición del Dr. Noel Santos Montes. Por su parte, Jaime Sierra Albertorio presentó su oposición al recurso.

La génesis de la controversia se desprende de un pleito de incumplimiento de contrato y daños y perjuicios. Durante el descubrimiento de prueba surgió una enmienda a un requerimiento de admisiones que aparenta haber provocado paralelamente una investigación de índole criminal. En relación con dicha investigación el Departamento de Justicia emitió un *subpoena duces tecum* para la producción del expediente ante el foro primario. Así las cosas, luego de las partes haber presentado sus posturas al respecto, el foro primario ordenó a la Secretaría del foro primario dar copia del expediente judicial y la regrabación de las vistas al Agente. Además delegó en la Secretaría la determinación de cuáles documentos estima son confidenciales, por lo cuál no se entregarán al Agente. Sobre la paralización del descubrimiento de prueba, en cuanto al Dr. Noel Santos Montes, determinó que el asunto sería discutido en una vista pautada el 6 de febrero de 2026, a las 2:00 de la tarde. Concluyó que de determinarse que el Dr. Santos Montes podía ser depuesto, entonces se discutiría el asunto referente al derecho del demandante, a la no autoincriminación. Dicho asunto podrá ser argumentado por la parte demandante en dicha vista. Contando con el beneficio de ambas posturas resolvemos.

## II

El *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una

decisión de un tribunal inferior. 32 LPRA § 3491; *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 391*,* 403 (2021*); Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape Inc.*, 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sujeto a no enajenarnos del Derecho. Se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR*, supra, pág. 338*; Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, págs. 334–335.

Como cuestión de umbral, ante todo recurso de *Certiorari,* hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que; el recurso de *Certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *Certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida

por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado el análisis de la regla 52.1, supra, y concluyendo que estamos autorizados a intervenir conforme a la regla aludida, nuestro estudio conlleva un segundo examen previo al ejercicio de nuestra discreción. Nos referimos a evaluación de los criterios mencionados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Esta dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *Certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020); *IG Builders et al. v. BBVAPR*, supra, pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una

sentencia final, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de *Certiorari* no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98. La parte afectada con la denegatoria de expedirse el auto de *Certiorari,* tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

III

Dos criterios nos persuaden a expedir el recurso presentado. Primero, el impacto de la revelación de información que podría constituir un privilegio evidenciario y segundo, evitar un fracaso de la justicia. La expedición de un *subpoena duces tecum* por un tercero dirigida a una rama hermana de gobierno resulta sorpresiva. Usualmente, por deferencia entre las ramas de gobierno se utiliza el mecanismo de la moción para solicitar al tribunal la información necesaria.  No obstante, por tratarse de información que constituye un documento público, y en aras de suplir la información requerida para una investigación criminal, confirmamos la entrega.  Sin embargo, modificamos la orden emitida por el foro primario a los fines de que sea el juez que atiende el proceso civil quién determine aquella información confidencial que deba ser suprimida por consideraciones de privilegios, o regulaciones federales o estatales.

Por último, rechazamos la solicitud de intervenir con el manejo de caso en cuanto a la vista pautada para el 6 de febrero de

2026, por ser una controversia prematura. Una vez el foro recurrido determine, entre otros, si es necesario paralizar los trámites del descubrimiento de prueba, particularmente aquellos procesos relacionados al Dr. Noel Santos Montes en dicha vista, la parte que no esté conforme tendrá tiempo suficiente, de entenderlo necesario, para recurrir ante este Foro.

Por las razones antes mencionadas, se expide el recurso y se modifica la determinación recurrida conforme los pronunciamientos antes señalados.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones